**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| DANNY L. ABBOTT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 15-211 |
| | ) | |
| v. | ) | Filed: April 3, 2026 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Leave to File Fifth Amended Complaint to correct certain issues related to the naming of plaintiffs in the Fourth Amended Complaint. The Government opposes Plaintiffs' Motion insofar as the proposed fifth amended complaint adds three plaintiffs not previously part of this case: MFA Oil Company ("MFA Oil"), MFA Petroleum Company ("MFA Petroleum"), and Michael L. Thomas. The Government also opposes the Motion on the basis that the proposed fifth amended complaint fails to comply with the Court's pleading standards. The Court finds that Plaintiffs' request to include MFA Oil in the proposed fifth amended complaint is justified but that Plaintiffs' request to add MFA Petroleum and Michael L. Thomas is not. The Court also finds that the proposed fifth amended complaint meets the Court's pleading standards. Thus, for the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Leave to File Fifth Amended Complaint. Plaintiffs shall file a fifth amended complaint that reflects the Court's ruling **by no later than April 10, 2026**.

## I.    BACKGROUND

On January 28, 2026, the Court ordered Plaintiffs to file a written motion for leave to file a fifth amended complaint by no later than February 4, 2026.  Order, ECF No. 249.  An amended pleading is necessary to correct issues with the names of numerous plaintiffs listed in the Fourth Amended Complaint—*e.g.*, misspelled names, missing or additional plaintiffs, deceased plaintiffs, the naming of a trust rather than a trustee—which the Court identified when it was preparing an order for partial judgment pursuant to Rule 54(b) of the Rules of the United States Court of Federal Claims ("RCFC").  *See id.*; Status Conference Order, ECF No. 235; Joint Status Report, ECF No. 246.

Plaintiffs timely filed their Motion for Leave to File Fifth Amended Complaint, proposing changes to correct the naming errors as well as proposing the addition of three new plaintiffs: MFA Oil, MFA Petroleum, and Michael L. Thomas.[1]  *See* ECF No. 256.  All three parties are currently plaintiffs in *Alexander v. United States*, No. 15-2111.  *See* Pls.' Reply in Supp. of Mot. for Leave to File Fifth Am. Compl. at 1, ECF No. 259 (clarifying that "Plaintiffs do not dispute that the claims of Michael Thomas, MFA Oil, and MFA Petroleum are currently pending in *Alexander*").  In 2020, the Court severed the *Alexander* case from this case, *Abbott*, with counsel from Lewis Rice, LLC ("Lewis Rice") representing the plaintiffs in *Abbott* and counsel from ArentFox Schiff LLP ("ArentFox") representing the plaintiffs in *Alexander*.  Order to Sever Plaintiffs and Claims, ECF No. 94 (the "Severance Order").[2]  Plaintiffs, however, mistakenly named MFA Oil and

---

[1] Michael L. Thomas originally shared his claim with his wife Sheila M. Thomas, who has since passed away.  *See* Notice of Death of Sheila M. Thomas, ECF No. 253.

[2] The Severance Order—presumably inadvertently—did not list MFA Oil or Michael L. Thomas.  While the Order does address the claim shared by "Allen L., Mildred H. and Michael L. Thomas," it does not list the separate claim Michael L. Thomas then shared with his wife, Sheila M. Thomas.  *See* ECF No. 94.  As the parties agree that both MFA Oil and Michael L. Thomas (as

2

Michael L. Thomas as plaintiffs in their Fourth Amended Complaint in *Abbott*. *See* Fourth Am. Compl. at 2–3, ECF No. 122. The parties then included MFA Oil in their proposal for applying the Court's summary judgment opinion on liability to the plaintiffs' claims, and the Court correspondingly entered summary judgment in favor of MFA Oil. *See* Joint Status Report, Attach. B at 6, ECF No. 166-2; Order Entering Partial Summ. J., ECF No. 169. The parties, however, did not include Michael L. Thomas in their Joint Status Report and thus his claim was not addressed by the Court's partial summary judgment order. MFA Petroleum was not named in the Fourth Amended Complaint and was not included, mistakenly or otherwise, in the summary judgment stage of this case.

In their Motion, Plaintiffs argue that granting them leave to include MFA Oil, MFA Petroleum, and Michael L. Thomas as plaintiffs in this matter will not prejudice the United States. ECF No. 256 at 6. Plaintiffs emphasize that the United States has been on notice of these plaintiffs' claims for years and already has the information needed to resolve their claims. *See id.* at 6–7. Thus, Plaintiffs argue that the parties can rely on the Court's summary judgment opinion to determine the Government's liability as to MFA Petroleum and Michael L. Thomas. *Id.* at 7. Should the parties be unable to resolve these liability issues, Plaintiffs contend that "there is ample time prior to trial to seek a ruling from this Court." *Id.*

The Government opposes Plaintiffs' Motion to the extent it adds new plaintiffs, stating that "there is no set of circumstances where moving three claims from *Alexander* into this case at this late stage is appropriate or would not prejudice the United States." ECF No. 258 at 1–2. Because

---

related to the claim shared with his wife) are currently plaintiffs in *Alexander*, *see* ECF No. 259 at 1; Gov't's Resp. to Pls.' Mot. for Leave to File Fifth Am. Compl. at 1, ECF No. 258, the Court does not view the omission of these two plaintiffs from the Severance Order as significant to the resolution of this Motion.

the Court has scheduled a trial on the issue of just compensation for November 2026, the Government notes that it "has already begun necessary steps to prepare the existing case for trial" and thus would be prejudiced should it need to incorporate additional claims into the litigation. *Id.* at 5. The Government also argues that "Plaintiffs entirely fail to address their undue delay" in bringing the Motion and consequently fail to meet their burden. *Id.* at 4. According to the Government, if these three plaintiffs wish to have Lewis Rice represent them, they should do so in *Alexander*. *Id.* at 5. The Government also opposes Plaintiffs' motion for leave to amend as it contends that Plaintiffs' proposed fifth amended complaint fails to comply with the Court's pleading standards under RCFC 8 and 9. *Id.* at 5–6. According to the Government, RCFC 8 and 9 require Plaintiffs to identify the properties at issue with more specificity, for example, by parcel number or address, rather than state/county alone. *See id.* at 5.

In reply, Plaintiffs explain how they believe the Court's summary judgment opinion can be applied to the claims of MFA Petroleum and Michael L. Thomas. ECF No. 259 at 2–3. If the parties are unable to resolve the outstanding question of liability, Plaintiffs contend that litigating liability and then "including these three Plaintiffs in the scheduled trial [regarding compensation] will produce only a negligible amount of additional work." *Id.* at 3. As support for this argument, Plaintiffs note that they voluntarily included these three claims in their responses to the Government's initial written discovery on just compensation. *Id.* at 3–4. Plaintiffs also respond to the Government's pleading sufficiency argument by stating that a complaint need not include property identification numbers ("PIDs"), as such information can be sought in discovery. *Id.* at 5. Instead, Plaintiffs contend that identifying the properties at issue by state and county (as they did in their proposed fifth amended complaint and all prior versions of the complaint) is sufficient to comply with RCFC 8 and 9. *Id.* at 5–6. Regardless, Plaintiffs note that they have already

4

disclosed parcel information for the plaintiffs named in their proposed fifth amended complaint as part of the discovery process. *Id.* at 6–7 (citing Joint Status Report, Attach. A, ECF No. 164-1).[3]

## II.   LEGAL STANDARDS

### A.   Motion for Leave to Amend Pursuant to RCFC 15(a)(2)

A party may file for leave to amend its pleading under RCFC 15(a)(2), which instructs that "court[s] should freely give leave when justice so requires." RCFC 15(a)(2). "The decision to grant or deny a motion for leave to amend . . . lies within the sound discretion of the trial court." *Tamerlane, Ltd. v. United States*, 550 F.3d 1135, 1147 (Fed. Cir. 2008) (quoting *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004)). When deciding whether to grant a motion for leave to amend, the court may consider factors such as the movant's "undue delay" or "prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962).[4]

"The burden to prove undue prejudice is on the non-moving party." *LW Constr. of Charleston, LLC v. United States*, 139 Fed. Cl. 254, 280 (2018). Undue prejudice may exist where allowing the movant to amend "would result in unfair surprise, unreasonably expand the issues[,] or necessitate the need for additional discovery." *Meyer Grp., Ltd. v. United States*, 115 Fed. Cl. 645, 649–50 (2014). "Mere annoyance and inconvenience . . . are insufficient bases to warrant a denial of a motion to amend." *St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 153 (1994). When reviewing a motion to amend, the court "balance[s] the prejudice to the non-

---

[3] The only claims for which Plaintiffs did not previously disclose PIDs were those of MFA Petroleum and Michael L. Thomas. To "eliminate any perceived prejudice," Plaintiffs included the PIDs of these two plaintiffs in their reply brief. ECF No. 259 at 7.

[4] The Supreme Court in *Foman* interpreted Rule 15(a) of the Federal Rules of Civil Procedure, which is "identical in all material respects" to RCFC 15(a). *Taylor v. United States*, 959 F.3d 1081, 1091 (Fed. Cir. 2020).

moving party as a result of the passage of time with the basis and justification offered by the moving party for amending." *LW Constr. of Charleston*, 139 Fed. Cl. at 306.

Even in the absence of prejudice, significant delay is sufficient grounds on which to deny a motion to amend. *See Te-Moak Bands of W. Shoshone Indians of Nev. v. United States*, 948 F.2d 1258, 1262 (Fed. Cir. 1991). Unlike the issue of prejudice, however, the moving party bears the burden of justifying their delay. *Cal. ex rel. Yee v. United States*, 145 Fed. Cl. 802, 810 (2019). Delays that can be "measured in years" are generally considered significant. *Id.* at 811 (quoting *Meyer Grp., Ltd.*, 115 Fed. Cl. at 649) (collecting cases that found a significant delay). As noted by the Federal Circuit, "[l]iberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time." *Te-Moak*, 948 F.2d at 1263 (emphasis omitted) (quoting *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981)).

**B.      RCFC 8 and 9 Pleading Standards**

Together, RCFC 8 and 9 set forth the pleading standards for a litigant raising a Fifth Amendment takings claim. RCFC 8 dictates that a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2). And under RCFC 9(i), a plaintiff alleging a Fifth Amendment takings claim "must identify the specific property interest alleged to have been taken by the United States." RCFC 9(i). To comply with these requirements, a plaintiff "must only plead facts that, when accepted as true, show that they hold a property interest, and that the Government took that interest." *United Affiliates Corp. v. United States*, 143 Fed. Cl. 257, 262 (2019). Thus, "a basic statement of the property interests at issue" will suffice. *Id.* at 263; *see also Day v. United States*, 176 Fed. Cl. 634, 638 (2025) (finding that a plaintiff failed to properly plead a takings claim where she did not identify the property at issue by parcel number, land description, address, county, or even state).

### III.    DISCUSSION

Plaintiffs fail to justify their significant delay in adding MFA Oil, MFA Petroleum, and Michael L. Thomas to this case.  Nevertheless, as MFA Oil was inadvertently included in the Court's summary judgment order and presented with an offer of judgment, the Government will experience no undue prejudice should the Court permit MFA Oil to join this case.  As for MFA Petroleum and Michael L. Thomas, the Court finds that Plaintiffs' significant delay in bringing this motion to amend, in combination with the trial schedule set by the Court, require rejection of Plaintiffs' motion for leave to amend.  Thus, in addition to the revisions necessary to correct naming errors, Plaintiffs are granted leave to amend the complaint to include MFA Oil.  The Court also rejects the Government's contention that the proposed fifth amended complaint fails to meet the Court's pleading standards under RCFC 8 and 9.

A.    **Plaintiffs Fail to Justify Their Significant Delay in Seeking Leave to Amend the Complaint to Include the Claims of MFA Oil, MFA Petroleum, and Michael L. Thomas.**

Plaintiffs fail to justify their six-year delay in bringing this Motion.  Indeed, as the Government notes, they do not make any argument at all as to why their significant delay is justifiable.  ECF No. 258 at 4; *see also* ECF No. 256 at 6 (stating that Plaintiffs' Motion is "not the result of undue delay" without support or further explanation (quotation omitted)).  The Court severed *Alexander* from this case in 2020, at which point each plaintiff was given the choice of whether they wanted to be represented by Lewis Rice and thus remain in *Abbott*, or join *Alexander* and be represented by ArentFox.  *See* ECF No. 256 ¶¶ 5–6.  MFA Oil, MFA Petroleum, and Michael L. Thomas elected the latter.  *See* ECF No. 259 at 1; ECF No. 258 at 2.  Only now, six years later, and after this case has progressed past summary judgment to the pre-trial stage, do these three plaintiffs wish to join *Abbott*.  The plaintiffs are too late.

In *Shell Oil Co. v. United States*, the Federal Circuit affirmed the trial court's denial of the Government's motion to amend its pleadings to assert various counterclaims because "the Government had 'ample opportunity to broaden the scope of the litigation . . . but chose not [to] do so' in a timely fashion."  896 F.3d 1299 (Fed. Cir. 2018) (quoting *Am. Airlines, Inc. v. United States*, 551 F.3d 1294, 1306 (Fed. Cir. 2008)).  Here, too, the plaintiffs had "ample opportunity" to engage Lewis Rice and move for leave to join *Abbott* but failed to do so "in a timely fashion." *Id.*; *see also, e.g.*, *Te-Moak*, 948 F.2d at 1263 (holding that a delay of eight years was significant and unjustified); *Cencast Servs., L.P. v. United States*, 729 F.3d 1352, 1364 (Fed. Cir. 2013) (finding "unreasonable delay" where the plaintiff was aware of its proposed legal theory for 15 years and could have raised it in response to the Government's counterclaim for five years); *Christofferson v. United States*, 77 Fed. Cl. 361, 365 (2007) (ruling that the plaintiffs failed to meet their burden to justify a significant delay of six years); *Alfa Laval Separation, Inc. v. United States*, 47 Fed. Cl. 305, 314 (2000) (finding that a plaintiff's "two-year delay before seeking amendment was undue" and unjustified).

Plaintiffs' delay cannot be attributed to any new information or action on the part of the Government.  *See Square One Armoring Servs. Co. v. United States*, 152 Fed. Cl. 536, 552–53 (2021) (finding no undue delay where the proposed counterclaim was "based on newly discovered evidence" not in the movant's control).  Nothing has happened in the last six years to meaningfully impact the three plaintiffs' ability to choose their counsel.  The only apparent reason they now seek leave to join this case is because Plaintiffs' counsel informed them that she mistakenly named MFA Oil and Michael L. Thomas in the Fourth Amended Complaint and wished to re-affirm their

8

choice of counsel.[5]  *See* Pls.' Status Report, ECF No. 244.  This is an insufficient justification.  *See Te-Moak*, 948 F.2d at 1263 (denying a motion to amend where the movant was wholly responsible for the eight-year delay).

Indeed, it appears Plaintiffs only realized the inadvertent inclusion of MFA Oil in the Fourth Amended Complaint after receiving an offer of judgment from the Government on MFA Oil's behalf.  *Compare* ECF No. 169 (citing ECF No. 166-2 at 6) (entering partial summary judgment in favor of MFA Oil per the parties' proposal) *with* Pls.' Notice of Partial Acceptance of the Gov't's Offer of J. at 1 n.1, ECF No. 233 (stating that "MFA Oil is not a client of undersigned counsel").  Similarly, it seems it was not until the Court instructed Plaintiffs to "explain[] the status of Plaintiff[] Michael L. Thomas . . . who do[es] not appear to be included in the Offer of Judgment or the Court's order entering partial summary judgment" that Plaintiffs realized Michael L. Thomas was mistakenly named in the Fourth Amended Complaint as well.  Status Report Order at 1–2, ECF No. 238.  These errors have been apparent since 2021, when the Fourth Amended Complaint was first filed.  ECF No. 122 ¶ 102 (describing the claim of Michael L. and Sheila M. Thomas); *id.* ¶ 142 (describing the claim of MFA Oil Company).  As noted by the Federal Circuit, "[l]iberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time." *Te-Moak*, 948 F.2d at 1263 (emphasis omitted) (quoting *Daves*, 661 F.2d at 1025).  This principle applies here, too, where Plaintiffs failed to realize these mistakes for five years and only now wish to add three additional plaintiffs to a case that already has a set trial date.

---

[5] It is worth noting that the parties were never in doubt as to whether MFA Petroleum was a plaintiff in *Abbott*; the Court's Severance Order listed MFA Petroleum as an *Alexander* plaintiff, ECF No. 94 at 10, and its claim was not inadvertently included in the summary judgment proceedings in *Abbott*.  It appears that MFA Petroleum, as a wholly owned subsidiary of MFA Oil, simply joined MFA Oil in recently engaging Lewis Rice.  *See* ECF No. 256 ¶ 16.

Plaintiffs argue that prejudice is the "touchstone of the inquiry under rule 15(a)." ECF No. 256 at 6 (quoting *Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1320 (Fed. Cir. 2010)). Prejudice is indeed an independently sufficient reason to deny a motion to amend, but the same is true for a significant and unjustified delay. *See Pressure Prods. Med. Supplies*, 599 F.3d at 1320; *see also Te-Moak*, 948 F.2d at 1262. Accordingly, Plaintiffs cannot solely rely on the purported absence of prejudice; they must also justify their significant delay. Considering that MFA Oil, MFA Petroleum, and Michael. L. Thomas could have engaged Lewis Rice in 2020 and that nothing has happened in the intervening years to impact the availability of that choice of counsel, the Court finds that Plaintiffs significantly and unjustifiably delayed filing their Motion.

B.      **Adding MFA Petroleum and Michael L. Thomas to the Fifth Amended Complaint Would Unduly Prejudice the United States.**

Although Plaintiffs' unjustified and significant delay provides sufficient reason to deny Plaintiffs leave to amend with respect to the additional plaintiffs, the Court also finds that their delay has prejudiced the United States as to the claims of MFA Petroleum and Michael L. Thomas.

Plaintiffs argue that "[i]f there are no disputed issues of liability, including these three Plaintiffs in the scheduled trial will produce only a negligible amount of additional work in terms of proving (or, in the government's case, disproving) the amount of just compensation due." ECF No. 259 at 3. But Plaintiffs fail to acknowledge the significance of their stated premise—"*[i]f there are no disputed issues of liability.*" *Id.* (emphasis added). The Government has not represented to the Court that it would be willing to resolve the issue of its liability as to MFA Petroleum and Michael L. Thomas based on the Court's previous summary judgment opinion. Thus, there is at least the possibility that the parties would need to litigate the question of liability

while simultaneously preparing all claims for trial on just compensation.  This would add unwarranted difficulty and would prejudice the Government.

Plaintiffs also claim that "there is ample time prior to trial to seek a ruling from this Court on the limited issues of liability that could possibly arise with regard to these two claims."  ECF No. 256 at 7.  Plaintiffs, however, discount the amount of work the parties already face in preparing this case for the November 2026 trial date.  Indeed, the parties were unable to agree on a proposed pre-trial schedule because of disagreements over how quickly fact discovery can be completed and concern over the "compressed time frame for any motions in limine."  Joint Proposed Pretrial Schedule at 4, ECF No. 245.  Potentially requiring summary judgment briefing on liability to occur simultaneously with discovery on just compensation, and with enough time for the parties to then prepare for trial, would be a difficult and prejudicial task for the Government.[6]  *See generally* Scheduling Order, ECF No. 251.

Plaintiffs' purported justification for their Motion also fails to outweigh the prejudice the Government would experience.  *See LW Constr. of Charleston*, 139 Fed. Cl. at 306.  Plaintiffs claim that "there is no efficiency to be gained in keeping these three claims in *Alexander*," ECF No. 259 at 3, but offer no support for the implied proposition that a lack of efficiency in proceeding with the status quo is reason enough for the Court to grant their Motion.  While the Court strives for judicial efficiency, efficiency should not come at the expense of prejudicing the opposing party.  In any event, maintaining the status quo would not be inefficient here, where Plaintiffs' counsel may simply enter her appearance on behalf of MFA Petroleum and Michael L. Thomas in *Alexander*, which is currently at the summary judgment stage on liability.  It is similarly

---

[6] Plaintiffs have not asked this Court to delay the November 2026 trial date, nor have they suggested that they would seek such a delay were the Court to grant their motion to amend.  *Cf.* ECF No. 259 at 4 (noting that Plaintiffs' "singular goal is to get this decade-long case resolved").

insufficient for Plaintiffs to argue that the Government has been "on notice of these claims for years." ECF No. 256 at 6–7. With the exception of MFA Oil, the Government was not "on notice" that these claims could either require integration into the current trial schedule or separate liability briefing in this case. This remains true even though Plaintiffs mistakenly named Michael L. Thomas in the Fourth Amended Complaint, as nothing has been done to resolve his claim since then. Accordingly, Plaintiffs cannot justify their Motion by arguing that the Government was "on notice" that MFA Petroleum and Michael L. Thomas could be transferred out of *Alexander*, a case that has not yet proceeded beyond summary judgment briefing, and into the case at hand.

MFA Oil, MFA Petroleum, and Michael L. Thomas are, of course, entitled to be represented by Lewis Rice if they so choose. But with the exception of MFA Oil, which the Court discusses below, they must do so in *Alexander*. Considering the prejudice to the Government and Plaintiffs' failure to justify their significant delay in bringing this Motion—both of which are independently sufficient reasons to deny a motion to amend—the Court denies Plaintiffs' motion to amend their complaint to include the claims of MFA Petroleum and Michael L. Thomas.

C.    **Despite Plaintiffs' Significant Delay, the Government Will Experience No Prejudice by the Addition of MFA Oil.**

The Court's analysis of prejudice differs significantly with regard to MFA Oil, which was included (albeit mistakenly) in the Fourth Amended Complaint, ECF No. 122 ¶ 142, the Court's order entering partial summary judgment, ECF No. 169, and the Government's Offer of Judgment, ECF No. 233-2 at 3. Since MFA Oil has proceeded as a de facto plaintiff in *Abbott*, the Government will not be prejudiced by the formal addition of MFA Oil to this case. Indeed, the Government has already determined an amount for which it is willing to settle MFA Oil's claim, as is indicated by its Offer of Judgment to MFA Oil. *Id.* Presumably, the Government can renew this offer (as it plans to do for those plaintiffs who were substituted or who were improperly named

12

in the Fourth Amended Complaint, *see* Gov't's Mot. to Correct the J. at 2, ECF No. 247) and thus potentially avoid proceeding to trial on MFA Oil's claim if the offer is accepted. If the Government chooses not to renew its offer or MFA Oil rejects the Government's offer, it is unlikely that the addition of this one plaintiff—for whom liability is already resolved and who appears to have been (erroneously) treated as a plaintiff all along—will prejudice the Government in preparation for trial. Thus, despite Plaintiffs' significant delay in properly joining MFA Oil as a represented party in this action, the Court exercises its discretion to grant Plaintiffs' motion for leave to name MFA Oil as a plaintiff in their fifth amended complaint.

### D.    Plaintiffs' Complaint Complies with This Court's Pleading Standards Under RCFC 8 and 9.

The Government argues that Plaintiffs' proposed fifth amended complaint is not well-pled. The Court disagrees. The proposed fifth amended complaint identifies the properties at issue by state and county, which is a sufficient "basic statement of the property interests at issue" and thus meets the pleading standards under RCFC 8 and 9. *Schell & Kampeter*, 159 Fed. at 832 (quoting *United Affiliates*, 143 Fed. Cl. at 263).

In making its argument, the Government relies on *Day v. United States*, 176 Fed. Cl. 634 (2025). As Plaintiffs aptly point out, *Day* is distinguishable. ECF No. 259 at 5–6. The plaintiff in that case "fail[ed] to provide any identifying information such as parcel number, land description, address, county, or even the state in which her alleged property is located." *Day*, 176 Fed. Cl. at 638. Thus, in *Day,* the plaintiff failed to meet the notice pleading standard because she offered only a "general reference" to a rail corridor segment spanning "four counties in two states" with no further identifying information. *Id.* (quotation omitted). This is not the case here, where Plaintiffs identify the properties at issue by county and state. Such identification is enough to meet the pleading standards. *Compare Schell & Kampeter*, 159 Fed. Cl. at 832 (finding a complaint to

13

be well-pled where the plaintiff stated that it "was the owner of real property in Miller County, Missouri, on the date the Government authorized the conversion of the railroad right-of-way into a recreational trail") *with* Ex. A, Pls.' Proposed Fifth Am. Compl. at 11–54, ECF No. 256-1 (identifying the properties at issue by state and county and noting that the plaintiffs owned the land on the day the railroad track was converted into a recreational trail).  Accordingly, Plaintiffs' proposed fifth amended complaint satisfies RCFC 8 and 9.

### IV.  CONCLUSION

For these reasons, Plaintiffs' Motion for Leave to File Fifth Amended Complaint (ECF No. 256) is **GRANTED IN PART** and **DENIED IN PART**.  The Court grants Plaintiffs leave to amend the Fourth Amended Complaint to include the claim of MFA Oil, but not the claims of MFA Petroleum and Michael L. Thomas.  Additionally, the Court grants leave to amend the Fourth Amended Complaint to correct naming errors related to all other plaintiffs, as such proposed revisions are necessary and unopposed by the Government.  Plaintiffs shall file a fifth amended complaint that reflects the Court's ruling **by no later than April 10, 2026**.

**SO ORDERED**.

Dated: April 3, 2026                                   */s/ Kathryn C. Davis*
                                                       KATHRYN C. DAVIS
                                                       Judge