**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | | |
|---|---|---|
| DANNY L. ABBOTT, *et al.*, | ) | |
| Plaintiffs, | ) | No. 15-211 |
| v. | ) | Filed: September 3, 2026 |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Compel Production of Documents of the United States' Expert Witness, John T. Farrell. *See* ECF No. 289. After further discussion between the parties and voluntary disclosures from the Government, the only remaining issue regards comparable sales data gathered by Mr. Farrell in his prior role as a non-testifying consulting expert for the Government. The Government opposes Plaintiffs' Motion to Compel as it relates to this data, contending that it is irrelevant to Mr. Farrell's current role as a testifying expert witness because Mr. Farrell is only serving as a rebuttal expert and thus does not offer any affirmative expert opinions about valuation. In reply, Plaintiffs contend that there is at least an ambiguity as to whether the comparable sales data influenced Mr. Farrell's rebuttal opinion, as he challenges the valuations done by Plaintiffs' expert. Thus, Plaintiffs argue that the data is relevant and must be disclosed. For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Compel.

## I. BACKGROUND

On May 28, 2026, Plaintiffs propounded a subpoena *duces tecum* on the Government and Mr. Farrell in advance of Mr. Farrell's expert deposition. The subpoena sought:

> [A]ll discoverable reports and writings made by the expert in the course of preparing his opinion, all correspondence between the deponent and the Department of Justice, all fee arrangements between deponent and [the] Department of Justice, all documents, files and tangible things reviewed or referred to by the deponent, all bills, invoices and time sheets generated by the deponent, all hand-written notes, notes of conversations, charts, photographs, video tapes, audio tapes, graphs, diagrams, maps, calculations, transcripts, case law, treatises, secondary sources, and any other tangible thing the deponent relied on, referred to or reviewed in connection with this matter and the deponent's expert opinion and bases for such opinion.

Subpoena to Produc. Docs., Information, or Objects or to Permit Inspection of Premises at 7, ECF No. 289-1. The subpoena directed the Government to produce the requested materials by June 18, 2026. *Id.* at 2.

The Government objected, purportedly contending that it had provided "everything required under [Rule 26(a)(2)(B) of the Rules of the United States Court of Federal Claims ("RCFC")]" and that the subpoena was "overbroad, unduly burdensome, and disproportional to the needs of the case." ECF No. 289 at 1–2. The Government produced only three documents in response to Plaintiffs' subpoena, all of which contained redactions: (1) an invoice from Mr. Farrell's employer, Colliers International Valuation and Advisory Services, LLC ("Colliers"), to the Government for the month of May 2026, (2) a contract between Colliers and the U.S. Department of Justice, and (3) an extension of the Government's contract with Colliers. *See id.* at 2–3.

Plaintiffs deposed Mr. Farrell on June 25, 2026. *Id.* at 3. According to Plaintiffs, Mr. Farrell identified several documents that were not produced by the Government but requested by the subpoena and within the scope of discovery for an expert witness under RCFC 26(a)(2)(B) and 26(b)(4)(C)(i)–(iii). *Id.* These documents are the subject of Plaintiffs' Motion to Compel, which they filed on July 8, 2026. Specifically, Plaintiffs contend that the Government must produce: (1) the contract modification between the Government and Colliers, (2) invoices from February 2026

to April 2026, (3) case summaries provided to and relied upon by Mr. Farrell in his reports, (3) photographs taken by Mr. Farrell during his February 2026 property inspections, along with any contemporaneous notes, (4) comparable sales pulled by Mr. Farrell or anyone at Colliers, and (5) assignment instructions specifically for this matter. *Id.*

Following briefing on Plaintiffs' Motion to Compel, only one of these requests remains disputed—Plaintiffs' request for the comparable sales data pulled by Mr. Farrell or anyone at Colliers. *See* Pls.' Reply in Supp. of Mot. to Compel Produc. of Docs. at 1, ECF No. 293 (addressing the "satisfactory production of certain documents" and "the one remaining issue related to the United States' continuing objection to producing the requested documents regarding comparable sales found by Mr. Farrell"). The dispute stems from Mr. Farrell's role as a dual hat expert, *i.e.*, an expert who has served both as a non-testifying consulting expert and as a testifying expert. *See* ECF No. 289 at 4 n.8. While consulting experts are not typically required to divulge their work product, much broader discovery is permitted regarding testifying experts. *Compare* RCFC 26(a)(2)(B) (governing discovery of testifying experts), *with* RCFC 26(b)(4)(D) (governing experts employed for trial preparation purposes).

The Government filed its response to Plaintiffs' motion on July 22, 2026. Gov't's Resp. to Pls.' Mot. to Compel, ECF No. 291. According to the Government, the comparable sales data is irrelevant (and thus, not discoverable) because Mr. Farrell did not consider this data in forming his opinion as he is only serving as a rebuttal expert. *Id.* at 2. In that role, the Government asserts, Mr. Farrell will challenge the property appraisals conducted by Plaintiffs' expert, but he will not offer any of his own opinions valuing Plaintiffs' properties. *Id.* at 3. Thus, although the Government admits that Mr. Farrell and his team gathered "some possible comparable sales" in connection with Mr. Farrell's earlier non-testifying consulting role, the Government argues that

this data is irrelevant. *Id.* at 2–3. As support for its claim that Mr. Farrell did not consider the comparable sales data in his testifying expert role, the Government attached a signed declaration from Mr. Farrell, in which he states: "I do not believe that I considered . . . comparable sales data in forming my rebuttal opinions. If I did, then they would already be included in my rebuttal reports." Decl. of John T. Farrell ¶ 5, ECF No. 291-1.

Plaintiffs filed their reply on July 29, 2026, contending that the comparable sales data is relevant because Mr. Farrell offers opinions related to the comparable sales analyzed and relied upon in the affirmative expert report offered by Plaintiffs. ECF No. 293 at 5–6. Because there is ambiguity as to whether Mr. Farrell sufficiently delineated his work as a consultant from his work as a testifying expert, Plaintiffs argue that they should not have to rely on the Government's or Mr. Farrell's representation that he did not consider the comparable sales data. *See id.* at 6–7. On August 31, 2026, the Court held a status conference to further discuss Plaintiffs' motion and Mr. Farrell's expected testimony. *See* Min. Entry, Aug. 31, 2026. The motion is fully briefed and ripe for the Court's review.

## II. STANDARD OF REVIEW

RCFC 26(b)(1) defines the scope of discovery, which in general is broad. *Jenkins v. United States*, 90 Fed. Cl. 585, 587 (2009). Specifically, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." RCFC 26(b)(1). There is a low threshold for evidence to be relevant. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993) (noting that the "standard of relevance" is "a liberal one").[1] If, however, the requested information "is outside the scope permitted by

[1] Because RCFC 26 "largely track[s]" Rule 26 of the Federal Rules of Civil Procedure ("FRCP"), "interpretation of [FRCP 26] informs the Court's analysis." *Zoltek Corp. v. United States*, 104 Fed. Cl. 647, 655 n.9 (2012).

RCFC 26(b)(1)," the court "must limit" discovery. RCFC 26(b)(2)(C)(iii). "Questions of the scope and conduct of discovery are . . . committed to the discretion of the trial court." *Florsheim Shoe Co., Div. of Interco v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984).

Discovery pertaining to expert testimony is specifically governed by RCFC 26(a)(2). Under that rule, a party who intends to present expert testimony in a case must provide its opponent with certain disclosures accompanied by a written report that includes "a complete statement of all opinions the witness will express and the basis and reasons for them," in addition to "the facts or data considered by the witness in forming [his opinions]." RCFC 26(a)(2)(B)(i)–(ii). However, experts employed only for trial preparation purposes—and not to provide testimony—are generally protected from discovery. *See* RCFC 26(b)(4)(D).

If a party fails to properly disclose evidence, the opposing party may file a motion for an order compelling disclosure or discovery. *See* RCFC 37(a). "The party moving to compel discovery bears the burden of proving that the opposing party's answers are incomplete." *Jenkins*, 90 Fed. Cl. at 588 (citing *Equal Rts. Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007); *Anaheim Gardens v. United States*, No. 93-655 C, 2008 WL 2043240, at *3 (Fed. Cl. Feb. 29, 2008)). In turn, the party opposing discovery must demonstrate that its objections are valid by providing specific explanations or factual support. *Id.* (citing *Anaheim Gardens*, 2008 WL 2043240, at *3).

## III. DISCUSSION

The Court agrees with the Government that Plaintiffs have failed to demonstrate the relevancy of the comparable sales data to the expert testimony Mr. Farrell will provide. Because Mr. Farrell is only a rebuttal expert, his previous compilation of comparable sales in his role as a consulting expert does not relate to his anticipated testimony challenging the methodology and

conclusions drawn by Plaintiffs' expert based on Plaintiffs' expert's own data. As a result, Plaintiffs have not met their burden to justify their Motion to Compel.

In response to the Government's argument "that a distinction between offering an affirmative appraisal and offering a rebuttal report to an affirmative appraisal creates a delineation sufficient to maintain discovery protections," Plaintiffs cite *Grace A. Detwiler Trust v. Offenbecher*, 124 F.R.D. 545 (S.D.N.Y. 1989), contending that the district court in that case "noted that documents 'would become discoverable' to the extent that 'delineation between [] [the expert's] roles . . . becomes blurred.'" ECF No. 293 at 6 (second alteration in original) (quoting *Offenbecher*, 124 F.R.D. at 546). *Offenbecher*, however, did not involve a rebuttal expert. Instead, it involved an affirmative expert testifying as to the valuation of stock who previously served as a consultant to help counsel prepare for depositions of witnesses expected to testify on financial and valuation matters. 124 F.R.D. at 546. Thus, *Offenbecher* does not indicate that the Court should ignore Mr. Farrell's role as a rebuttal expert. Instead, it dictates that the Court must determine whether Mr. Farrell "reviewed documents in his role as an expert that he previously had reviewed in his role as consultant," such that "the delineation between those roles [becomes] blurred." *Id.*

The second case cited by Plaintiffs, *Monsanto Co. v. Aventis Cropscience, N.V.*, 214 F.R.D. 545 (E.D. Mo. 2002), similarly focused on the overlap between an expert's role as a consultant and his role as a testifying witness, with the court noting that materials should be produced "when there is at least an ambiguity as to whether the materials informed the expert's opinion." *Id.* at 547; *see* ECF No. 293 at 6–7. In *Monsanto*, the court ordered production because the subject matter of the evidence "*directly relate[d]* to the subject matter of [the expert's] report." 214 F.R.D. at 548 (emphasis added).

Though Plaintiffs acknowledge that Mr. Farrell is merely serving as a rebuttal witness and not offering any affirmative appraisals or opinions valuing Plaintiffs' properties, they maintain that his intent to address Plaintiffs' expert's comparable sales analysis "render[s] any research done on comparable sales in this market directly relevant to the opinions he may seek to offer at trial." ECF No. 293 at 6. The Court disagrees with this high-level view of relevance. It is not enough that Mr. Farrell intends to discuss comparable sales—Plaintiffs must demonstrate that his prior comparable sale research could somehow influence his planned testimony. They have not done so.

At the status conference, the Government made clear that Mr. Farrell's testimony will largely address the methodology used by Plaintiffs' expert and the adjustments their expert made to the comparable sales that Plaintiffs' expert gathered. In other words, the testimony will focus on what Plaintiffs' expert did with his own data, not how he selected it. Moreover, Mr. Farrell is not offering any affirmative appraisal or opinion based on an analysis or adjustment of comparable sales that he selected, including any data he collected in his consulting role. Considering that Mr. Farrell is solely expected to rebut how Plaintiffs' expert analyzed and adjusted his own comparable sales data, *see* ECF No. 291 at 2–3, the mere fact that Mr. Farrell previously pulled raw comparable sales himself is irrelevant.

Thus, unlike the evidentiary material in the cases cited by Plaintiffs, the comparable sales data previously gathered by Mr. Farrell is not "directly relate[d]" to the opinion he seeks to provide at trial. *Monstanto*, 214 F.R.D. at 548. Instead, the data appears to have "no relation to the expert's role as an expert," *B.C.F. Oil Ref., Inc. v. Consol. Edison Co. of New York*, 171 F.R.D. 57, 62 (S.D.N.Y. 1997), because Mr. Farrell's role is to *rebut* the conclusions Plaintiffs' expert draws from *Plaintiffs' expert's data*. Accordingly, whatever comparable sales Mr. Farrell may have

pulled as a consultant do not relate to this rebuttal role. *See Yeda Rsch. & Dev. Co. v. Abbott GmbH & Co. KG*, 292 F.R.D. 97, 108 (D.D.C. 2013) (noting that a consulting expert need not produce "those materials generated or considered uniquely in the expert's role as a consultant").

Indeed, Mr. Farrell submitted a sworn declaration stating that he did not consider the comparable sales data in forming his rebuttal opinion. ECF No. 291-1 ¶ 5. Though the Court generally agrees with Plaintiffs' argument that "the party seeking disclosure 'should not have to rely on [resisting party's] representation that these documents were not considered by the expert in forming his opinion,'" ECF No. 293 at 7 (alteration in original) (quoting *B.C.F. Oil Ref.*, 171 F.R.D. at 62), the Court is nonetheless convinced of the data's irrelevance in the particular context of Mr. Farrell's rebuttal opinion. As discussed, Mr. Farrell's compilation of raw data simply does not speak to his subsequent review and rebuttal of Plaintiffs' expert's opinion. *See* ECF No. 291 at 3 (stating that Mr. Farrell "did not need to consider . . . any potential comparable sales" because "he focused on Plaintiffs' appraisals"). Accordingly, Plaintiffs have not sufficiently set forth the relevance of the comparable sales data, and their Motion to Compel fails as a result.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel (ECF No. 289) is **DENIED**.

**SO ORDERED**.

Dated: September 3, 2026

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge